UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff

CASE NO. 5:05CV60153

and

Hon. John Corbett O'Meara

LAWRENCE & NATASHA JACKSON

                Intervening Plaintiffs,

v.

GRAND TRUNK WESTERN RAILROAD, INC.,

                Defendant.
_____/

**CONSENT DECREE**

This action was commenced by the Equal Employment Opportunity Commission ("EEOC") under the authority granted to it under Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1). The EEOC's Complaint alleges that Defendant Grand Trunk Western Railroad, Inc. ("GTW") unlawfully subjected Lawrence Jackson to a hostile work environment because of his race (African American). GTW denies these allegations and makes no admission of liability.

In the interest of resolving this matter and as a result of comprehensive settlement negotiations, the EEOC, and GTW (hereinafter sometimes referred to as "the Parties") have agreed that this action should be finally resolved by entry of this Consent Decree. This Consent Decree shall not constitute an adjudication and/or finding on the merits of this case, and shall not be used as evidence of liability, res judicata, or collateral estoppel in any other legal proceeding against

GTW.

The Parties agree that this Consent Decree resolves all claims arising out of EEOC Charge No. 23A-2004-01250, and the Complaint filed in this action and constitutes a complete resolution of all claims of race harassment under Title VII that were made by the EEOC in this action on behalf of Lawrence Jackson. This Consent Decree does not, however, resolve any future charges or charges that may be pending with the EEOC other than the Charge specifically referred to in this paragraph or those that may be released by the Charging Party pursuant to this Decree.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, IT IS ORDERED, ADJUDGED AND DECREED that:

1. The Court shall retain jurisdiction and will have all available equitable powers, including injunctive relief, to enforce this Decree. Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court, and shall be required to give notice to each other ten (10) days before moving for such review. All parties may conduct expedited discovery under the Federal Rules of Civil Procedure for purposes of determining compliance with this Decree or defending against a claim of non-compliance, with fifteen (15) business days notice for depositions, and with fifteen (15) business days for responses to written discovery.

2. This Consent Decree conforms with the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person. The entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the Parties, those for whom the EEOC

seeks relief and the public.

## DURATION

3.  The duration of this Consent Decree shall be one (1) year from the date of entry of the Consent Decree, and shall apply to GTW's Pontiac, Michigan yard location, provided that GTW has complied substantially with the terms of this Decree.

## NON-DISCRIMINATION

4.  GTW and its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby agree not to: (a) discriminate against persons on the basis of race in the terms and conditions of employment; (b) engage in or be a party to any action, policy or practice that is intended to or is known to them to have the effect of harassing or intimidating any employee on the basis of race; or (c) retaliate against any person because of opposition to a practice deemed unlawful under Title VII or because of the filing of a charge, the giving of testimony, assistance or participation in any manner in an investigation, proceeding or hearing under Title VII.

## MONETARY RELIEF

5.  GTW agrees to pay monetary relief in the sum of $25,000 (twenty-five thousand dollars) to Lawrence Jackson. Such payment(s) shall be made within 14 days after the Court has entered this Consent Decree and the parties have executed their settlement agreement and general release. Copies of the checks shall be sent to Laurie A. Young, Regional Attorney, care of Omar Weaver, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226, within 14 days of issuance of the checks.

## POSTING OF NOTICE

6.     GTW shall post, in the Pontiac, Michigan yard terminal, the Notice attached as Appendix A, which sets forth an employee's rights under Title VII.

## TRAINING

7.     GTW shall provide and require all current and new personnel of its Pontiac, Michigan location to attend race harassment discrimination training during the term of this Consent Decree, starting within six months after the entry of this Consent Decree.  The purpose of said training will be to give participants a thorough understanding of race harassment discrimination issues, including but not limited to theories of liability under Title VII, sources of legal protection of harassment victims, information regarding the employer's complaint mechanisms, and the employer's obligation to take preventive, investigative and remedial action with respect to racial harassment complaints and to review company policies (including discipline policies) and practices related to race harassment discrimination.  This training shall be designed and conducted, with specific reference to the anti-harassment policies of GTW.

8.     The content, method of training and size of training classes is subject to review by the EEOC and shall take into consideration GTW's operational needs, including that management and non-management employees may be separated for purposes of said training.  GTW agrees to provide a description of each training program to counsel for the EEOC during the one-month period prior to the delivery of the training.  The EEOC agrees to provide any feedback regarding the content, method or size of training within 10 days after receipt, so as to allow for the timely planning and orderly delivery of training to the Michigan employees.  If GTW has not received feedback within 10 days, GTW will proceed with its implementation and delivery of training.

9. All persons attending mandatory harassment training shall sign an acknowledgment of their attendance at the training, the date thereof, and their position with the Company. GTW shall retain the originals of these acknowledgments, which will be made available to the EEOC upon request during the term of this Consent Decree.

## REPORTING

10. During the term of this Decree, GTW agrees to provide the EEOC with two semi-annual reports of any incidents of discrimination, harassment or intimidation based on race. The first report shall be due on March 31, 2008 and the second report shall be due on September 31, 2008. The reports shall include the following information: a description of any and all verbal or written complaints of race harassment or discrimination received by GTW or any of its managers or supervisors from any employee, the name and position of the complainant and the disposition of the complaint, including any discipline administered as a result of the complaint. All such reports shall be sent to Laurie Young, Regional Attorney, care of Omar Weaver, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226, by the fifteenth day of the month after the previous quarter ends.

## MISCELLANEOUS

11. The EEOC and GTW will bear their own, respective costs and fees.

12. This Consent Decree is final and binding upon the EEOC and GTW and their present and future owners, officers, directors, employees, creditors, agents, administrators, successors, assigns and representatives.

13. This Consent Decree constitutes the entire agreement and commitments of the EEOC and GTW. No waiver, modification or amendment of any provision of this Decree shall be effective

unless made in writing, approved by the EEOC and GTW, and approved by the Court or ordered by the Court.

14. If any provision of this Decree is found to be unenforceable by a Court, only the specific provision in question of this Decree shall be affected and the other enforceable provisions shall remain in full force.

**WE HEREBY CONSENT:**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

s/Omar Weaver (P58861)
EEOC DETROIT FIELD OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3407
omar.weaver@eeoc.gov

Dated: January 7, 2008

    *-and-*

GRAND TRUNK WESTERN RAILROAD, INC.

s/Kathryn A. Mrkonich Wilson, MN Bar No. 283605
LITTLER MENDELSON, P.C.
80 South Eight Street, Suite 1300
Minneapolis, MN 55402
(612) 630-1000
Kwilson@Littler.com

Dated: January 7, 2008

    **SO ORDERED:**

Date: January 08, 2008                               s/John Corbett O'Meara
                                                                            United States District Judge

## APPENDIX A

## <u>NOTICE</u>

This Notice is being posted to inform you of your rights guaranteed by the federal law under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII"). Title VII prohibits discrimination and harassment in the workplace based on race, color, sex, religion and national origin. The Equal Employment Opportunity Commission is the federal agency which investigates charges of unlawful employment discrimination and, if necessary, brings lawsuits in federal court to enforce the employment provisions of Title VII. Any employee who believes that he/she is the victim of discrimination or harassment has the legal right to file a charge of discrimination with the U.S. Equal Employment Opportunity Commission. Grand Trunk Western Railroad, Inc. supports and will comply with this federal law in all respects and will not take any action against any employees because they have exercised their rights under this law.

_____  _____
Dated                                    GRAND TRUNK WESTERN RAILROAD, INC.